IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WILLENHAM CASTILLA**                                                                  **PLAINTIFF**

**V.**                                          **CAUSE NO. 3:10-CV-00476-CWR-LRA**

**MARRIOTT INTERNATIONAL, INC.;**
**COLUMBIA SUSSEX CORP.; AND**                                    **DEFENDANTS**
**JOHN DOES 1-10**

## ORDER

This premises-liability case is before the Court on the defendants' Motion for Summary Judgment on Liability.[1] The Court has considered the parties' arguments and the authority governing the issues at hand and, after due deliberation, has concluded that the motion must be granted.

## FACTS

On July 29, 2007, Willenham Castilla (hereinafter "Castilla") was attending a convention at the Marriott Hotel on Amite Street in Jackson, Mississippi. At approximately 5:18 p.m., he attempted to enter the hotel's restaurant, but as he approached the stairs that led to the restaurant, he slipped and fell on a "foreign substance" near the stairs.[2] Castilla later described the substance as "a sticky liquid,"[3] and his brother, Reginald Castilla, recalled it as "a clear residue."[4]

---

[1] Motion for Summary Judgment on Liability [Docket No. 21] (hereinafter "the motion").

[2] Plaintiff Willenham Castilla's Response to Defendants Marriott International, Inc.'s and Columbia Sussex Corporation's Motion for Summary Judgment [Docket No. 23] (hereinafter "Castilla memo") at 1-2.

[3] Castilla memo at 2.

[4] Castilla memo at 3.

The record contains no specific indication as to how the substance came to be on the floor or how long the substance had been on the floor when Castilla fell. Reginald Castilla already had entered the restaurant when the fall occurred, and when asked whether he noticed a substance near the stairs when he entered, Reginald Castilla said, "I would say at that time probably not."[5] The hotel's general manager, Michael Bailey, testified during a deposition that the area in which the fall occurred is cleaned twice daily at approximately 2 p.m. and 9 p.m.[6]

On July 28, 2010, Castilla filed suit against Marriott International, Inc., Columbia Sussex Corp., and John Does 1-10 (hereinafter collectively "Marriott") in Hinds County Circuit Court.[7] Castilla's complaint contained a single claim of negligence under a theory of premises liability.[8]

On August 27, 2010, Marriott removed[9] the case to United States District Court, and on June 3, 2011, Marriott moved for summary judgment on the grounds that Castilla could not show (1.) that Marriott actually created the dangerous condition or (2.) that Marriott knew or should have known about the existence of a dangerous condition. Discovery closed on September 26,

---

[5] Exhibit 3 to Castilla memo [Docket No. 23-3] (hereinafter "Reginald Castilla deposition") at 16-17.

[6] Exhibit 4 to Castilla memo [Docket No. 23-4] (hereinafter "Bailey deposition") at 16-17.

[7] Complaint [Docket No. 1-2].

[8] Complaint at 2-4.

[9] Specifically, Marriott invoked this federal court's jurisdiction pursuant to Title 28, Section 1332 of the United States Code, which vests the district court with original jurisdiction over any civil action in which the parties are completely diverse and the amount in controversy exceeds $75,000. Notice of Removal [Docket No. 1] at 2-3.

2011, and the motions deadline was October 11,[10] after which this Court took up the motion at hand.

## STANDARD OF REVIEW

Although motions for summary judgment are filed frequently, not every case is suitable for such disposition. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] When confronted with these motions, this Court focuses on "genuine" disputes of "material" facts. An issue is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgement, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party."[12] A fact is material if it is one that might affect the outcome of the suit under the governing law. Factual disputes that are irrelevant or unnecessary will not be considered.[13] Likewise, unsubstantiated assertions are not competent summary judgment evidence.[14]

The jury has the responsibility to assess the probative value of the evidence. As a consequence, a court must step back and refrain from making credibility determinations, and it

---

[10] Order [Docket No. 20].

[11] Fed. R. Civ. P. 56(a).

[12] *Zisman v. Mason*, 2008 WL 879726, *3 (S.D. Miss. 2008) (citing *Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).

[13] *Id*.

[14] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

must not weigh evidence or draw from the facts legitimate inferences for the movant.[15] This Court is ever mindful that although a useful device, summary judgment "must be employed cautiously because it is a final adjudication on the merits."[16]

But in the case at bar, the parties have developed the facts well and clearly, making this a classic example of a case suited for summary judgment. The conflict at hand is not an argument regarding the factual value of evidence; instead, the dispute takes root in the parties' differing legal interpretations of those clearly developed facts. To put it another way, the question is whether, accepting the uncontradicted evidence already before the Court, a genuine dispute remains on the question of whether the defendants can be held liable for negligence.

## ANALYSIS

In 2010, the Mississippi Court of Appeals reviewed at length the evidentiary hurdles that face plaintiffs in premises-liability cases. Speaking for a unanimous Court, Judge Maxwell wrote that

> in every premises-liability case, the plaintiff must show that a dangerous condition exists. The plaintiff must also show: (1) a negligent act by the defendant caused the dangerous condition; or (2) the defendant had actual knowledge of the dangerous condition but failed to warn the plaintiff; or (3) the dangerous condition remained long enough to provide the defendant with constructive knowledge.[17]

In his response to the motion for summary judgment, Castilla advances two theories: first, that the defendants caused the dangerous condition by maintaining a lax cleaning policy, and

---

[15] *Strong v. Dept. of Army*, 414 F. Supp. 2d 625, 628 (S.D. Miss. 2005).

[16] *Jackson v. Cain*, 865 F.2d 1235, 1241 (5th Cir. 1989); *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991).

[17] *McCullar v. Boyd Tunica, Inc.*, 50 So. 3d 1009, 1012 (Miss. Ct. App. 2010).

4

second, that a genuine dispute exists regarding whether Marriott had "constructive notice"[18] of the dangerous condition.

    First, Castilla relies on Bailey's deposition testimony, in which the hotel manager "admitted that the Defendant did not have any formal written policies regarding when the stairwell where Mr. Castilla was injured was to be cleaned."[19] Moreover, Castilla contends that Bailey "could not state with certainty whether the stairwell had been cleaned and/or inspected on the day that Mr. Castilla was injured."[20] In Castilla's view, these facts create a jury question as to whether Marriott's "nonchalant approach to maintaining the stairwell caused and/or contributed to Mr. Castilla's injuries."[21]

    But Castilla views this avenue of recovery with too much breadth. For plaintiffs alleging that a negligent act by the defendant caused the dangerous condition in question, Mississippi courts have required proof that the defendant's negligence actually "created" the dangerous condition. The Court of Appeals repeatedly has used the word "created" to describe the element of proof, including in a 2010 case[22] and a 2005 case,[23] and the Mississippi Supreme Court

---

[18] Castilla memo at 6.

[19] Castilla memo at 6.

[20] Castilla memo at 6.

[21] Castilla memo at 6.

[22] *McCullar*, 50 So. 3d at 1013.

[23] *Elston v. Circus Circus Mississippi, Inc.*, 908 So. 2d 771, 774 (Miss. Ct. App. 2005) ("No proof of the owner's knowledge of the [dangerous] condition is necessary where the condition is *created* by his negligence or the negligence of someone under his authority.") (emphasis added).

employed the term in a 2007 decision[24] and a 2003 opinion.[25] Research reveals dozens of other similar occurrences as well, but suffice it to say that Mississippi law requires a plaintiff traveling this course to show that the defendant, or his agent, directly and proximately caused the dangerous condition to come into existence.[26]

Not even Castilla argues that the proof satisfies such a demand. According to Castilla, the informality of Marriott's stairs-cleaning policy could lead a reasonable jury to conclude that Marriott "caused and/or contributed to Mr. Castilla's injury." But even if Castilla has submitted proof that would support jurors' conclusions that Marriott's policy was unreasonably unspecific and permitted the dangerous condition to come into being, he still has not provided any evidence to prove that Marriott *created* the dangerous condition. Therefore, no genuine dispute exists as to whether Marriott created the dangerous condition that led to Castilla's fall.

Castilla's alternate theory – that Marriott knew or should have known about the dangerous condition – suffers from a similar gap in proof. Under Mississippi law, "[c]onstructive knowledge is established where the [dangerous] condition is shown to have existed for such a length of time that the operator, through the exercise of reasonable care, should have known of

---

[24] *Miller v. R.B. Wall Oil Co., Inc.*, 970 So. 2d 127, 132 (Miss. 2007) ("Where an injured party demonstrates that the dangerous condition was *created* by the negligence of the business or its employees, the injured party need not prove notice to the business.") (emphasis added).

[25] *Mississippi Dept. of Transp. v. Cargile*, 847 So. 2d 258, 262 (Miss. 2003) ("In Mississippi, a plaintiff may espouse one of three theories in support of a claim of negligence such as this: (1) that the defendant's own negligence *created* a dangerous condition which caused plaintiff's injury . . . .") (emphasis added).

[26] *See Adcock v. Wal-Mart Stores East, LP*, 2011 WL 3047623 *4 (S.D. Miss. July 25, 2011) (Jordan, J.) ("Liability can obviously attach if the premises owner's negligence *causes* the dangerous condition.") (emphasis added) (citing *Clark v. Moore Mem'l United Methodist Church*, 538 So.2d 760, 761 (Miss. 1989)).

the [*sic*] its existence."[27] Mississippi courts have not glossed over the requirement and "will not indulge presumptions for the deficiencies in plaintiff's [*sic*] evidence as to the length of time the hazard existed,"[28] and so "the plaintiff must produce admissible evidence as to the time period in order to establish the operator's constructive knowledge."[29]

Neither Castilla nor his brother could testify at their depositions regarding the length of time during which the dangerous condition existed near the stairs.[30] The only presumption that can be drawn from the evidence is that the condition occurred at some point after approximately 2 p.m. – the time at which Bailey said the restaurant is cleaned each day – and before approximately 5:18 p.m., when the fall occurred.

But under Mississippi law, even this evidence does not support an inference that the dangerous condition existed for a period of time of sufficient length to charge Marriott with constructive knowledge. In 1967, the Mississippi Supreme Court addressed the premises-liability claim of a woman who slipped on an object as she walked down an aisle at a grocery store. The woman argued that because the store opened at 8 a.m., and because she slipped at approximately 9:30 a.m., a jury question existed as to whether "the object had been allowed to remain on the aisle a sufficient length of time so as to charge the [grocery store] with actual or constructive

---

[27] *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (Miss. Ct. App. 2007).

[28] *Id.*

[29] *Id.*

[30] Exhibit A to Motion for Summary Judgment [Docket No. 21-1] (hereinafter "Willenham Castilla deposition") at 8; Reginald Castilla deposition at 15.

notice of its presence and dangerous condition . . . ."[31] The Supreme Court disagreed and concluded that

> [i]t does not follow that because the store opened at eight o'clock that at precisely that time some person threw the dark object on the floor. It is just as logical to assume that the object was thrown there two or three minutes before she stepped on it, and such a presumption is not sufficient to sustain a recovery . . . .[32]

The rule in Mississippi is rigid: "[t]he courts will not indulge in presumptions on the length of time an unsafe condition may have existed; rather, a plaintiff must present specific proof on this point."[33] Castilla's lack of proof on this subject dooms the constructive-knowledge theory.

## CONCLUSION

The plaintiff has failed to create a genuine dispute on both theories of premises liability. Notwithstanding the existence of a policy that might or might not be inadequately stringent, the record lacks any evidence that Marriott actually created the dangerous condition that led to Castilla's injury. Likewise, Castilla has not offered any proof regarding the specific length of time during which the dangerous condition existed, and without such evidence, Mississippi law forbids him to proceed to trial on a theory of constructive knowledge.

Therefore, Marriott's motion for summary judgment must be granted. A Final Judgment

---

[31] *Aultman v. Delchamps, Inc.*, 202 So. 2d 922, 923-24 (Miss. 1967) (cited approvingly by *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 286 (Miss. 1986)).

[32] *Id.* at 924.

[33] *Dickens v. Wal-Mart Stores, Inc.*, 841 F. Supp. 768, 771 (S.D. Miss. 1994) (cited approvingly by *Almond*, 957 So. 2d at 439). *See also Adcock* at *5 (plaintiff's failure to offer evidence as to the length of time flooring was in alleged "slick" and "shiny" barred her from recovery on her premises-liability claim).

in Marriott's favor will be entered accordingly.

      SO ORDERED this Twelfth day of October 2011.


                                                  /s/ *Carlton W. Reeves*
                                             Hon. Carlton W. Reeves
                                             United States District Court Judge